## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FEDERAL INSURANCE COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| WELLSPAN RECIPROCAL RISK RETENTION GROUP, | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Federal Insurance Company ("Federal"), through undersigned counsel, asserts this Complaint against Defendant WellSpan Reciprocal Risk Retention Group ("WRRRG") and states as follows:

## I.     NATURE OF THE ACTION

1.     In this action, Federal seeks recovery of more than $5 million it paid under a management liability policy issued to WellSpan Health ("WellSpan") to cover costs incurred in defending WellSpan against counterclaims filed in the action styled *WellSpan Health v. Quantum Imaging & Therapeutics Assoc.*, Case No. 2007-SU-005039-01 (Ct. Common Pleas, York Cty., Pa.) (the "Quantum Litigation").  Federal paid this amount after WRRRG, WellSpan's primary general liability insurer, failed to comply with its obligation to defend WellSpan against the Quantum counterclaims.

2.     Under the terms of the insurance policies and the applicable law, WRRRG, not Federal, was obligated to pay the costs of defending WellSpan in the Quantum Litigation.  Accordingly, Federal seeks a judgment reimbursing it for all of the defense

costs it paid to WellSpan.  Federal also seeks a declaratory judgment that any and all defense costs incurred by WellSpan in the Quantum Litigation which Federal has not reimbursed are WRRRG's responsibility, not Federal's.

## II. PARTIES

3.      Federal is an insurance company organized and existing under the laws of the State of Indiana with its principal place of business in the State of New Jersey.

4.      WRRRG is a Risk Retention Group organized and existing under the laws of the State of Vermont, and, on information and belief, has its principal place of business in Vermont.

## III. JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      This Court has general personal jurisdiction over WRRRG based upon its registration as a foreign risk retention group with the Commonwealth of Pennsylvania Insurance Department, its maintenance of one or more offices or other physical locations in Pennsylvania, and its continuous conduct of business in Pennsylvania.  In the alternative to general personal jurisdiction, this Court has jurisdiction over WRRRG pursuant to 42 Pa.C.S. § 5322(a), because Federal's claims against WRRRG arise from WRRRG's transacting any business in Pennsylvania and from its contracting to insure any person, property or risk located within Pennsylvania at the time of contracting.

7.      Venue is proper under 28 U.S.C § 1391(a) because WRRRG resides and conducts business in this District.  Further, a substantial part of the events giving rise to Federal's claims, including the Quantum Litigation, occurred in this District.

## IV. FACTS

### A.     The Federal Policy

8.      Federal issued Health Care Portfolio Policy number 8164-5066 to WellSpan for the July 31, 2007 to July 31, 2008 Policy Period (the "Federal Policy").  A true and correct copy of the Federal Policy is attached as Exhibit A.

9.      Subject to the other terms and conditions of the Federal Policy, Insuring Clause 3 of its Executive Liability, Entity Liability, and Employment Practices Liability ("EL") Coverage Section applies in pertinent part to "**Loss** which the **Organization** becomes legally obligated to pay on account of any **Organization Claim** first made against the **Organization** during the **Policy Period** . . . for a **D&O Wrongful Act** committed, attempted, or allegedly committed or attempted by the **Organization** or the **Insured Persons** before or during the **Policy Period**."

10.     EL Subsection 6 defines **Loss** to include **Defense Costs**, and defines **Defense Costs** to mean in pertinent part "that part of **Loss** consisting of reasonable costs, charges, fees . . . and expenses . . . incurred in defending any **Claim**."

11.     Pursuant to EL Subsection 16(e), "**Defense Costs** are part of and not in addition to the Limits of Liability . . ., and the payment by [Federal] of **Defense Costs** shall reduce and may exhaust such applicable Limits of Liability."

12.     EL Subsection 19(a) provides in pertinent part:  "It shall be the duty of the **Insureds** and not the duty of [Federal] to defend **Claims** made against the **Insureds**[.]"

13.     EL Subsection 22(a) provides in pertinent part:

> If Loss arising from any **D&O Claim** or **Organization Claim** under Insuring Clauses 1, 2 or 3 is insured under any other valid insurance policy(ies), including but not limited to any policy(ies) maintained by any **Non-Profit Outside Entity** or otherwise, then this coverage section shall cover such **Loss**, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such **Loss** is in excess of the applicable retention or deductible and limit of liability under such other insurance, whether such other

3

> insurance is stated to be primary, contributory, excess, contingent or otherwise and regardless of whether this coverage section and the other insurance are deemed to provide concurrent coverage, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this coverage section.

14. Subsection 7 of the Federal Policy's General Terms and Conditions provides:

> In the event of any payment under this policy, [Federal] shall be subrogated to the extent of such payment to all the **Insured's** rights of recovery, and such **Insured** shall execute all papers required and shall do everything necessary to secure and preserve such rights, including the execution of such documents necessary to enable [Federal] effectively to bring suit or otherwise pursue subrogation rights in the name of the **Insured**.

**B.    The WRRRG Policies**

15. WRRRG issued Health Care Providers Comprehensive Liability Policy number WrRRG-2008-WH to WellSpan, issued Health Care Providers Comprehensive Liability Policy number WrRRG-2008-WMG to WellSpan Medical Group, and issued Health Care Providers Comprehensive Liability Policy number WrRRG-2008-YH to York Hospital (collectively, the "WRRRG Policies"). The WRRRG Policies were issued for a January 1, 2008 to January 1, 2009 policy period. True and correct copies of the WRRRG Policies are attached as Exhibits B, C, and D.

16. Section Two-General Liability (the "GL Section") of the WRRRG Policies includes Coverage B: Personal and Advertising Injury Liability. The Insuring Agreement for Coverage B requires WRRRG to "pay those sums that the insured becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies," and provides that WRRRG "will have the right and duty to defend the **insured** against any suit seeking those damages."

17. Coverage B applies to **personal and advertising injury** caused by an offense arising out of the insured's business if the offense was committed in the

4

applicable **coverage territory**, the offense was not committed before the Retroactive
Date or after the end of the policy period, and a claim for damages because of the
**personal and advertising injury** is first made against any insured during the policy
period.

18.     Pursuant to the Supplementary Payments clause of the GL Section, costs
incurred by WRRRG in providing a defense do not reduce the WRRRG Policies' limits
of liability.

19.     Part VI.14 of the GL Section defines "**personal and advertising injury**" to
include "injury, including consequential **bodily injury**, arising out of . . . [an] oral or
written publication, in any manner, of material that slanders or libels a person or
organization or disparages a person's or organization's goods, products, or services. . ."

20.     Part IV.4 of the GL Section provides:

> If other valid and collectible insurance is available to the insured for
> a loss we cover under Coverages A or B of this Coverage Part, our
> obligations are limited as follows:
>
> a. Primary Insurance
>
> This insurance is primary except when b. below applies. If this
> insurance is primary, our obligations are not affected unless any of
> the other insurance is also primary.  Then, we will share with all that
> other insurance by the method described in c. below.
>
> b. Excess Insurance
>
> This insurance is excess over:
>
> (1) Any of the other insurance, whether primary, excess, contingent
> or on any other basis:
>
> > (a) That is effective prior to the beginning of the policy period
> > shown in the Declarations of this insurance and applies to
> > **bodily injury** or **property damage** on other than a claims
> > made basis, if:

(i) No Retroactive Date is shown in the Declarations of this insurance; or

(ii) The other insurance has a policy period which continues after the Retroactive Date shown in the Declarations of this insurance;

(b) That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for **your work;**

(c) That is Fire insurance for premises rented to you or temporarily occupied by you with Permission of the owner;

(d) That is insurance purchased by you to cover your liability as a tenant for **property damage** to premises rented to you or temporarily occupied by you with permission of the owner; or

(e) If the loss arises out of the maintenance or use of aircraft, **autos** or watercraft to the extent not subject to Exclusion g. of Part I — Coverage A — Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any **suit** if any other insurer has a duty to defend the insured against that **suit.** If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

## C.    The Quantum Litigation

21.    On or about December 19, 2007, WellSpan, WellSpan Medical Group and York Hospital (collectively, the "WellSpan Entities"), as well as certain radiologists (the "Departing Radiologists") who had terminated or sought to terminate their employment by Quantum Imaging and Therapeutics Associates ("Quantum"), filed their original complaint seeking declaratory and other relief against Quantum.

6

22.     Quantum filed counterclaims against the WellSpan Entities and the Departing Radiologists.  WellSpan tendered Quantum's counterclaims for coverage under the Federal Policy.  Federal agreed to reimburse **Defense Costs** by the WellSpan Entities in defending Quantum's counterclaims, subject to satisfaction of the applicable retention and co-insurance, and subject to Federal's full reservation of rights.

23.     On or about November 19, 2008 Quantum sought leave to file Amended Counterclaims.  On or about December 5, 2008, the court approved Quantum's and the WellSpan Entities' stipulation for Quantum to file Amended Counterclaims (the "Amended Counterclaims").  A true and correct copy of the Amended Counterclaims (excluding exhibits) is attached hereto as Exhibit E.

24.     Paragraphs 97 and 104 through 130 of the Amended Counterclaims alleged among other things that the WellSpan Entities "disseminat[ed] false and defamatory statements regarding Quantum" and "interfer[ed] with Quantum's existing and prospective business relationships by improperly dissuading others from conducting business with Quantum," causing damages to Quantum.  Based on these and other allegations, the Amended Counterclaims asserted causes of action against the WellSpan Entities for Unfair Competition (Count VII) and Commercial Disparagement/Trade Libel (Count XI).

25.     On July 22, 2009, and February 11, 2011, Quantum filed further amended Counterclaims that included the same or substantially the same allegations and causes of action described in paragraph 26 above.  True and correct copies of the further amended Counterclaims (excluding exhibits) are attached as Exhibits F & G.

26.     These and other allegations in the Amended Counterclaims fell within the definition of **personal and advertising injury** in the WRRRG Policies' GL Section, because they alleged an "injury . . . arising out of" the "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services[.]"

7

27.     The Amended Counterclaims sought damages against the WellSpan Entities for **personal and advertising injury** caused by an offense arising out of the WellSpan Entities' business.  The offense was allegedly committed in the applicable **coverage territory** (*i.e.,* the United States).  The alleged offense was not committed after the end of the applicable policy period and the claim for damages was first made during the policy period.  Accordingly, the Amended Counterclaims fell within Coverage B of the GL Section.

28.     Pursuant to the GL Section of the WRRRG Policies and the applicable law, WRRRG had the duty to defend the Amended Counterclaims in their entirety, including any portions of the Amended Counterclaims that did not allege **personal and advertising injury**.

29.     Pursuant to Part IV.4(a) of the WRRRG Policies' GL Section, the insurance provided by those policies was "primary" with respect to the Amended Counterclaims.  Coverage afforded by GL Section is "excess" only with respect to the types of insurance described in Part IV.4(b) of the GL Section.  The Federal Policy does not fall within any of those types of insurance.

30.     Pursuant to EL Subsection 22(a) of the Federal Policy, because costs incurred in defending the Amended Counterclaims were insured under the WRRRG Policies, EL Coverage Section provides coverage for those costs "only to the extent that the amount of such **Loss** is in excess of the applicable retention or deductible and limit of liability under" the WRRRG Policies.

31.     As WRRRG was obligated to provide a complete defense for the Amended Counterclaims, no defense costs were incurred excess of the limits of the WRRRG Policies, and excess coverage under the Federal Policy was never triggered.

### D.      WRRRG's Failure to Provide a Defense

32.      On information and belief, notice of the Amended Counterclaims was provided under one or more of the WRRRG Policies.

33.      While the Quantum Litigation was ongoing, WellSpan informed Federal that the Amended Counterclaims fell within the scope of coverage under the WRRRG Policies, and Federal requested that the WellSpan pursue such coverage from WRRRG.

34.      WellSpan and the other parties to the Quantum Litigation ultimately reached a settlement, and the case was discontinued.  The Amended Counterclaims were amended from time to time prior to the settlement, but they at all times included the causes of action for Unfair Competition and Commercial Disparagement/Trade Libel and the associated factual allegations referenced above.

35.      On information and belief, WRRRG failed in whole or in part to defend the WellSpan Entities in connection with the Amended Counterclaims.  WellSpan, on behalf of itself and the other WellSpan Entities, nonetheless demanded that Federal reimburse costs incurred in defending the Amended Counterclaims.

36.      After unsuccessful attempts to resolve their disagreements regarding WellSpan's request for reimbursement of defense costs, Federal made payment to WellSpan in the amount of $5,050,429.02 (the "Defense Payment"), subject to Federal's full reservation of rights.

37.      Federal has demanded that WRRRG reimburse Federal for the full amount of the Defense Payment, on the ground that, pursuant to the terms of their respective policies, WRRRG was obligated to defend the Amended Counterclaims in full, and the Federal Policy only provided coverage excess of the applicable limits of the WRRRG Policies.  To date, however, WRRRG has refused to reimburse Federal for any portion of the Defense Payment.

38.     On information and belief, WRRRG has also failed to reimburse the WellSpan Entities for any other costs incurred defending the Amended Counterclaims. WRRRG is solely responsible for these outstanding amounts, not Federal.

## V. CAUSES OF ACTION

### COUNT I
### (Equitable Indemnity/Equitable Contribution)

39.     All of the foregoing allegations are realleged and incorporated by reference herein.

40.     Coverage B of the GL Section of the WRRRG Policies required WRRRG to provide the WellSpan Entities with a complete defense to the Amended Counterclaims.

41.     Pursuant to Part IV.4(a) of the WRRRG Policies' GL Section, those policies provided "primary" insurance for the Amended Counterclaims.  Pursuant to EL Subsection 22(a) of the Federal Policy, it provided coverage only to the extent **Loss** exceeded the retention and limits of liability under the WRRRG Policies.

42.     Federal requested, and directed WellSpan to request, that WRRRG honor its duty as primary insurer to defend the Amended Counterclaims in their entirety. Despite these requests, WRRRG failed to do so.

43.     Federal's advancement of the Defense Payment reimbursed defense costs that fell within WRRRG's duty to defend.

44.     Accordingly, Federal is entitled equitable indemnity, equitable contribution or other appropriate relief from WRRRG.  WRRRG should be ordered to reimburse Federal for the Defense Payment because WRRRG's wrongful conduct caused Federal to incur costs that were the sole responsibility of WRRRG.

45.     Any and all conditions precedent to this claim have been satisfied or waived.

WHEREFORE, Federal requests that the Court enter a judgment awarding Federal damages of not less than $5,050,429.02, together with applicable pre- and post-judgment

interest, and awarding Federal such other and further relief as the Court may deem just and appropriate.

## COUNT II
### (Breach of WRRRG Policies)

46.     All of the foregoing allegations are realleged and incorporated by reference herein.

47.     The WRRRG Policies were valid and binding on WRRRG.

48.     The WellSpan Entities were insureds under one or more of the WRRRG Policies and performed all of their respective material obligations under those policies.

49.     Coverage B of the GL Section of the WRRRG Policies required WRRRG to provide the WellSpan Entities with a complete defense to the Amended Counterclaims.

50.     WRRRG materially breached the WRRRG Policies by failing to provide the WellSpan Entities with a defense to the Amended Counterclaims.  As a result, the WellSpan Entities suffered damages up to and including the full amount of all defense costs reimbursed by the Defense Payment.

51.     Pursuant to Subsection 7 of the General Terms and Conditions of the Federal Policy, Federal is subrogated by virtue of the Defense Payment to the WellSpan Entities' rights against WRRRG up to the amount of that payment.

52.     Any and all conditions precedent to this claim have been satisfied or waived.

WHEREFORE, Federal respectfully requests that the Court enter a judgment awarding Federal damages of not less than $5,050,429.02, together with applicable pre- and post-judgment interest, and awarding Federal such other and further relief as the Court may deem just.

## COUNT III
### (Declaratory Judgment as to WRRRG's obligations to cover any and all defense costs incurred in response to the Amended Counterclaims)

53.     The foregoing allegations are realleged and incorporated by reference herein.

54.     A justiciable controversy exists among Federal and WRRRG concerning their respective rights, duties and obligations under the Federal Policy and WRRRG Policies.

55.     Coverage B of the GL Section of the WRRRG Policies required WRRRG to provide the WellSpan Entities with a complete defense to the Amended Counterclaims.

56.     Pursuant to Part IV.4(a) of the WRRRG Policies' GL Section, those policies provided "primary" insurance for the Amended Counterclaims.  Pursuant to EL Subsection 22(a) of the Federal Policy, it provided coverage only to the extent **Loss** exceeded the retention and limits of liability under the WRRRG Policies.

57.     Accordingly, any and all costs incurred in defending the Amended Counterclaims were solely WRRRG's responsibility, and did not fall within the scope of coverage under the Federal Policy.

58.     WRRRG has refused to reimburse Federal for the Defense Payment and, on information and belief, has refused or failed to reimburse the WellSpan Entities for any other costs incurred in defending the Amended Counterclaims.

59.     Under EL Subsection 19 of the Federal Policy, WellSpan was and is obligated to seek and obtain all available coverage from WRRRG, and Federal is entitled to reimbursement of all amounts it advanced that fell within WRRRG's defense obligation.  WRRRG is responsible for any and all defense costs incurred in response to the Amended Counterclaims; including, without limitation, any amounts not previously reimbursed by Federal.

60.     Accordingly, pursuant to 28 U.S.C. § 2201, Federal seeks a declaration of the rights and legal relations of Federal and WRRRG with respect to any costs incurred in defending the Amended Counterclaims.

61.     Entry of a declaratory judgment is necessary and appropriate at this time to avoid the risks and uncertainty arising out of the above-described controversy.

WHEREFORE, Federal respectfully requests entry of a judgment declaring that (1) pursuant to the terms of the WRRRG Policies, WRRRG was obligated to defend the Amended Counterclaims in their entirety; (2) the WRRRG Policies provided primary insurance with respect to the Amended Counterclaims, and the Federal Policy provided coverage only to the extent **Loss** exceeded the retention and limits of liability under the WRRRG Policies; (3) none of the costs incurred in defending the Amended Counterclaims exceeded the retention and limits of liability of the WRRRG Policies; and (4) as a result, WRRRG is responsible for any and all costs of defending the Amended Counterclaims; and (6) Federal is entitled to reimbursement of the Defense Payment; and granting Federal such other and further relief as the Court may deem just and appropriate.


DATED this 3rd day of July, 2018.          HOGAN LOVELLS US LLP


By:   _/s/ David Newmann_____
David Newmann (82401)
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel:  (267) 675-4600
Fax: (267) 675-4601

*Attorney for Plaintiff Federal Insurance Company*